# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYANNE M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:19-cv-02008-AHG <br><br> **ORDER:** <br><br> **(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; and** <br><br> **(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br> **[ECF No. 2]** |

Plaintiff Maryanne M. filed a brings this action against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance and Supplemental Security Income. ECF No. 1. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. For the reasons set forth below, the Court (1) **DENIES** Plaintiff's Motion to Proceed IFP **WITH PREJUDICE**; and (2) **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** and with leave to amend for failure to state a claim upon which relief may be granted.

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974). An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)), so that the Court does not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his

own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*, No. 18-cv-2133 W (BGS), 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses").

Here, Plaintiff's affidavit states that Plaintiff receives $4,429 per month in retirement and disability benefits, has $16,817 in cash savings, and owns a condominium worth $340,000 and two motor vehicles. ECF No. 2 at 2–3. Importantly, Plaintiff's monthly income exceeds her reported expenses and the $400 filing fee accounts for approximately two percent of Plaintiff's current cash reserves.[1] ECF No. 2 at 4–5. Consequently, the Court finds that Plaintiff has not shown an inability to pay the filing fee.

Further, unless Plaintiff's affidavit is incorrect, no amendment to the IFP petition would change the outcome. Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP **WITH PREJUDICE.** Plaintiff must pay the requisite court filing fee within 14 days. If Plaintiff fails to submit a timely payment, this action will be subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1914(a).

**B.    Screening under 28 U.S.C. § 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1

---

[1] Although Plaintiff provided financial information for her spouse, consideration of that information is not required, nor would it change the Court's conclusion.

(E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to Fed. R. Civ. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

Here, Plaintiff contends that a reversal or remand of Defendant's decision is warranted because "the denial of [Plaintiff's] disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence, Plaintiff's credibility, the medical opinions of his [sic] doctors, and any and all other applicable evidentiary issues, both in law and in fact." ECF No. 1 at 2–3. However, Plaintiff does not explain which "evidentiary issues" are applicable or elaborate on the evidence that supports her disability claim. These boilerplate allegations are precisely the type of

4

conclusory statements that fail to satisfy the federal pleading standard.

Because Plaintiff's Complaint fails to state a claim, the Court must **DISMISS** Plaintiff's Complaint pursuant to § 1915(e)(2)(B)(ii). However, Plaintiff shall have 28 days to file an amended complaint that cures the deficiencies discussed herein.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) **WITH PREJUDICE**. To proceed with this lawsuit, Plaintiff must pay the $400 filing fee by **November 26, 2019**. If Plaintiff fails to submit a timely payment, this action will be subject to *sua sponte* dismissal under 28 U.S.C. § 1914(a).

Further, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to amend by **December 10, 2019**.

**IT IS SO ORDERED.**

Dated: November 12, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge